UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilyn Silkin<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Credit, Inc.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:18-cv-00695<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW COMES the Plaintiff, Marilyn Silkin ("Plaintiff"), by and through her attorneys, Bach Law Offices, Inc. complaining of NATIONWIDE CREDIT, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person residing in Cook County, Illinois..

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant identifies itself as a "global provider of customer relationship and accounts receivable management services." With its headquarters located Tempe, Arizona and licensed under the law of the State of Georgia. Defendant is in the business of collecting the delinquent consumer debts of others, including medical debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its correspondences, Defendant identifies itself as a debt collector

**FACTS SUPPORTING CAUSES OF ACTION**

9. In or around December 21, 2017, Plaintiff received a written correspondence from Defendant regarding a debt she allegedly owed to *American Express* for a past due bill (the "Subject Debt"). A copy of the correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

10. Plaintiff did not recognize the Subject Debt as belonging to her.

11. The Collection Letter was the initial communication Plaintiff received from Defendant concerning the Subject Debt.

12. Plaintiff has attempted on multiple occasions to have this debt validated.

13. The validation correspondence that Defendant received included telephone calls and written correspondence.

14. Despite receipt of the validation correspondence, Defendant never responded to Plaintiff's request.

15. Faced with the realization that Defendant would not cease its collection actions towards her despite a formal request, Plaintiff authorized Bach Law Offices, Inc. to bring the instant proceedings.

## DAMAGES

1. Mrs. Silkin was misled by Defendant's collection actions against her.

2. Mrs. Silkin justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

3. Due to Defendant's conduct, Mrs. Silkin was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

4. After a reasonable time to conduct discovery, Mrs. Silkin believes she can prove that all actions taken by Defendant as described herein were taken willfully and/or with knowledge that its actions were taken in violation of the law.

5. Due to Defendant's conduct, Mrs. Silkin is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – DEFENDANT EGS

6. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

7. In its attempts to collect the debt allegedly owed by Plaintiff, Defendants Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.* in one or more of the following

3

ways:

    a)    Defendant violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when they represented that Mrs. Silkin owed funds to American Express she does not owe;

    b)    Defendants violated 15 U.S.C. § 1692e(2)(A) when they falsely represented the character, amount, or legal status of the debt when they knew or should have known that Mrs. Silkin did not owe the funds to American Express;

    c)    Defendants violated § 1692e(10) when they made false, deceptive, or misleading representations that Mrs. Silkin was liable for the alleged debt and they would obtain a copy of the Judgment;

    d)    Defendants violated 15 U.S.C. § 1692f(1) when they attempted to collect from Mrs. Silkin, an amount not authorized by agreement, and not permitted by law;

    e)    Defendants violated 15 U.S.C. § 1692g when they included false and misleading information into the validation paragraph of the dunning letter.

8.    As a result of Defendants' actions in an effort to collect the alleged debt, Mrs. Silkin suffered actual damages including but not limited to anxiety, shock, fear, and confusion.

9.    As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendants EGS for the following:

    a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    Statutory damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2);

    c)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)    Such other or further relief as this Court deems proper.

Respectfully Submitted,

By: /s/ Penelope N. Bach

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: January 30, 2018 /s/ Penelope N. Bach
Penelope N. Bach, Esq.
ARDC #6209530
*Counsel for Plaintiff*
Bach Law Offices
PO Box 1285
Northbrook, IL 60062